HERNÁNDEZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of San Germán.

No. 16.—Decided March 4, 1907.

RECORD—CURABLE DEFECT.—The omission in a recordable title of any of the particulars required to establish the identity of the parties in interest only constitutes a curable defect and does not render the obligation null and void, and therefore will not prevent the document from being recorded in the registry of property.

The facts are stated in the opinion.·
The appellant did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Agustín Hernández Mena from a decision of the Registrar of Property of San Germán, denying the admission to record of a deed of sale.

The marshal of the District Court of Mayagüez, in executing a judgment rendered in an action brought by Agustín Hernández Mena against J. A. Fleytas Suárez and J. A. Fleytas Colberg, for the recovery of a sum of money, attached a tract of land belonging to the debtor, J. A. Fleytas Suárez, and a half interest in the ownership of a plantation called Bonifacia, situated in the *barrio* of Miradero, in the municipal district of Cabo Rojo, alleged to belong to the other debtor, J. A. Fleytas Colberg, which were awarded to the creditor, Agustín Hernández Mena, owing to the fact that no bidders appeared

at the public sale, and to which the deputy marshal of the district court executed the proper deed of sale in favor of the purchaser of August 27, 1906, before Notary Víctor P. Martínez, in which a statement of the conjugal status of the debtor, J. A. Fleytas Colberg, was omitted.

Upon the presentation of this deed in the registry of property for record, the registrar recorded the tract of land attached as the property of the debtor Fleytas Suárez, and suspended the record of the half interest ownership in the plantation Bonifacia, attached as belonging to the other debtor, Fleytas Colberg, on the grounds stated in the decision which the registrar wrote at the end of said deed, which reads as follows:

"The foregoing document is recorded with reference to the tract of land consisting of 7 *hectares*, 86 *ares*, 8 *centares*, at folio 48, reverse side, of volume 5 of the *Ayuntamiento* of Cabo Rojo, property No. 254, record No. 5; and the record is suspended with regard to the half interest ownership of the plantation Bonifacia which is recorded in the name of José Antonio Fleytas, without any other surname appearing, under a deed of purchase, shown to be married, until it be proved, first, which of the two defendants is the José Antonio Fleytas referred to in the register; and second, the conjugal status of said defendant, which has been omitted in the document, without which requisite it is impossible to make any classification whatsoever; and in the meantime a cautionary notice has been entered, effective for a period of one hundred and twenty days, with regard to said ownership interest, at folio 60, reverse side, of volume 1 of Cabo Rojo, estate No. 26, record letter A.—San Gérman, September 28, 1906."

As the person who presented the deed was not satisfied with the decision of the registrar, he left said document in the latter's possession for transmission to this Supreme Court in compliance with the provisions of the Act of the Legislative Assembly of March 1, 1902, providing for appeals from the decisions of registrars of property. The registrar made the transmission, together with a report explaining and supplementing the grounds of his decisions.

In confirmation of said decision, the registrar transmitted to this Supreme Court a certified copy of the record of the plantation Bonifacia, in favor of José Antonio Fleytas, married, and Sandalio Mendoza, a farmer and resident of Cabo Rojo, and of the record of the presentation of the deed, in which José Antonio Fleytas is designated by the second surname of Suárez.

The failure to express in a deed any of the circumstances necessary for the establishment of the identity of interested persons, constitutes merely a curable defect, as it does not imply the nullity of the deed or of the obligation therein contained, and, consequently, such curable defect does not prevent the record of the document, in accordance with the provisions of the fourth section of the Act of the Legislative Assembly of this Island of March 1, 1902, relating to appeals from decisions of registrars of property.

In view of articles 65 of the Mortgage Law and 110 of the Regulations for its execution, and the decision of the General Directorate of Registries of July 21, 1863, the decision of the Registrar of Property of San Germán appearing at the foot of the deed in question, is reversed in so far as it suspends the record of the ownership interested in the Bonifacia plantation in favor of the purchaser, Agustín Hernández Mena, and the registrar is ordered to record said deed as to the section thereof he failed to record, in the manner prescribed by section 4 of the said Act of March 1, 1902; and it is ordered that the deed presented be returned with a copy of this decision for its execution, and the other purposes which may be proper in law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.